Nash, C. J.
 

 Previously to the act passed by the Legislature in 1797, (Laws of North Carolina, ch. 478, sec. 1,) it is conceded that there was no law in this State authorising an administrator to sell, or convey, the lands of his intestate. This act was brought forward in the Bev. Statutes, ch. 46, sec. 28, and again in the Bev. Code, ch. 46, sec. 37. It is conceded that all the previous requisites necessary to clothe the administrator with power to make the conveyance in question, have been complied with, and that “ such deed conveys the title as fully as if it had been executed by the deceased obligor.” Bev. ' Code, ch. 46, sec. 37. The administrator in his conveyance covenants, as administrator,for quiet enjoyment. lie is sued in his representative capacity for a breach of the covenant. /The question is, can the plaintiff maintain this action ? — which / is the only question before the Court. On the part of the | plaintiff, it is contended, that the Bev. Code, in gi ving to an | administrator power to convey the land, gave him all the
 
 \
 
 power which the intestate had, and, therefore, he had the power, on behalf of the intestate, to enter into all such covenants as the intestate had, and thereby to bind his estate. This proposition cannot be supported. Before the passage of the act 'of 17’97, when a vendor entered into a bond to make
 
 *111
 
 title, and died before so doing, his heirs were the proper persons on whom the purchaser had the right to call for the necessary conveyance. If they refused to convey the title, the purchaser was driven into a court of equity, and to such a suit the heirs were necessary parties. This proceeding was attended with much delay, trouble and expense. To avoid this expense, trouble and delay, the acts were passed, and^ they are express in limiting the operation of the administrator’s ¡ .deed, so far as the estate of the intestate is concerned, to the : title of the intestate. ' The title is one thing, the covenants are/ * other things intended as a support of the title, and the parties"; may stipulate for any covenants they please, and if the pur-! chaser chooses to take his deed without any covenant, his/
 
 title
 
 is not thereby impaired.
 

 Under the covenant of the defendant, the estate of the intestate was not bound, and the action, being against the defendant as administrator, cannot be sustained, and the judgment of nonsuit in the Superior Court was properly rendered. There is no error.
 

 Per Curiam, Judgment affirmed.